UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Maureen Costanzo,<br><br>                    Plaintiff,<br>vs.<br><br>Las Vegas Metro Police Department,<br><br>                    Defendants. | Case No. 2:24-cv-01662-CDS-MDC<br><br>**ORDER SCREENING PLAINTIFF'S COMPLAINT (ECF NO. 1-1)** |

The Court previously denied pro se plaintiff Maureen Costanzo's informa pauperis application ("IFP") and ordered her to file the long form. *ECF No. 3*. Plaintiff has substantially complied with the Court's Order, so the Court grants plaintiff's renewed IFP Application. *ECF No. 4*. The Court dismisses her complaint without prejudice, and with leave to refile. *Id.*

## I. WHETHER PLAINTIFF MAY PROCEED IN FORMA PAUPERIS

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Court ordered the plaintiff to file a new IFP application on the Court's long form. *ECF No. 3*. The plaintiff mistakenly filed a renewed IFP application on the Nevada Supreme Court's IFP application. *ECF No. 4*. The Nevada Supreme Court's IFP application is similar to this Court's long form, as it asks detailed questions about the plaintiff's income. The Court liberally[1] construes her filing, based only on the facts of this case, as having substantially complied with

---

[1] "A document filed pro se is "to be liberally construed" and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (internal citations omitted).

the Court's previous Order. *ECF No. 3*. Plaintiff states that she is unemployed and collects $1,489 a month in Social Security and food stamps benefits. *ECF No. 4 at 2*. She states that she has about $1,579 a month in total expenses and that she relies on help from friends and family to pay her bills since she does not collect enough benefits to pay all of them. *Id. at 3*. The Court grants plaintiff's IFP application.

## II. WHETHER PLAINTIFF'S COMPLAINT STATES A PLAUSIBLE CLAIM

### A. Legal standard

The Court reviews plaintiff's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Rule 8 ensures that each defendant has "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005). The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6), "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from

the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### B. Complaint

Plaintiff brings claims for violation of the Fair Debt Collection Practices Act ("FDCPA"), the Federal Reserve Act ("FRA"), due process, and equal protection regarding a debt against Deutsche Bank NA, Ronalda Reyes, PHH Mortgage Services, and Michele H.Y. Voon. *ECF No. 1-1*. Plaintiff states that she received communications from the defendants claiming an outstanding debt associated with account number 7145771874. *Id.* at 2. Plaintiff argues that she has already fulfilled her contractual obligations, but she has faced aggressive and unlawful debt collection practices from the defendants. *Id.* Plaintiff also mentions that the defendants have failed to respond to interrogatories, so it is unclear if plaintiff has other litigation against these same defendants or if she sent the defendants interrogatories prior to filing this lawsuit. Plaintiff demands $160,000 in damages. *Id.* at 3.

#### a. Plaintiff's Fair Debt Collection Practices Act Claim

To state a claim for relief under the FDCPA, "a plaintiff must assert facts that, if proven, would show (1) that [he] has been the object of collection activity arising from consumer debt; (2) that the defendant is a debt collector, as defined under the FDCPA; and (3) that the defendant has engaged in a prohibited act or omission. *Wong v. Navient Solutions, LLC*, 2020 U.S. Dist. LEXIS 34830, 2020 WL 978520, at *5 (W.D. Wash. Feb. 28, 2020). See also *Banks v. ACS Educ.*, 638 Fed. Appx. 587, 590 (9th Cir. 2016) (citing *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1208 (9th Cir. 2013)). A "debt collector" is defined as,

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.... [T]he term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which

3

> would indicate that a third person is collecting or attempting to collect such debts.

15 U.S.C. § 1692a(6).

Plaintiff might be able to meet the first prong of an FDCPA claim because she alleges she received communications about a debt from the defendant. She has not, however, provided enough details about the communications pursuant to Rule 8. Plaintiff does not state if she received a letter, a phone call, an email, or what type of communication she received. There are no dates regarding the communication. There is not enough detail in plaintiff's complaint to put the defendants on notice regarding what communications are at issue. Regarding the second prong, plaintiff has not directly alleged that all the defendants are debt collectors as defined under the FDCPA. There is also nothing in her complaint that shows whether the debt collector has engaged in a prohibited act under 15 U.S.C. § 1692c(a)(1).

Under 15 U.S.C. § 1692c(a)(1), in the absence of the consumer's consent or express permission by a court, a debt collector may not communicate with a consumer in connection with the collection of any debt,

> at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

15 U.S.C. § 1692c(a)(1).

There is nothing in plaintiff's complaint that suggests that the defendants' communications were at unusual times or places. Plaintiff does not allege enough facts about the communications to allege a FDCPA claim pursuant to Rule 8. The Court thus dismisses this claim without prejudice, with leave to

refile. If plaintiff amends, she must state specific facts about the communications.

### b. Plaintiff's Federal Reserve Act Claim

Plaintiff cannot state a claim for relief under the Federal Reserve Act ("FRA"), which does not provide for a private right of action. *Williams v. State Employees Credit Union*, No. 5:24-cv-0053-M-BM, 2024 U.S. Dist. LEXIS 149139, 2024 WL 3843597, at *6 (E.D.N.C. July 23, 2024) (citations and quotation marks omitted). The Court dismisses this claim. If the plaintiff amends, she should not reassert this claim. The Court will issue a report and recommendation to dismiss this claim with prejudice if she includes this claim in her amendment. The plaintiff will not be prejudiced by dismissal at this time, however, because she may object to this Order.

### c. Plaintiff's Due Process and Equal Protection Claims

Defendant alleges that the defendants violated her constitutional rights with their collections practices. The Fifth Amendment applies to conduct by the Federal Government. See *Capital City Dairy Co. v. Ohio*, 183 U.S. 238, 22 S. Ct. 120, 46 L. Ed. 171 (1901). Defendants are not government officials—neither federal nor state—however given plaintiff's pro se status, the Court will liberally construe her allegations as asserting a due process violation. Even construing her allegations liberally, her allegations are wholly conclusory and do not constitute violations of due process. Plaintiff has failed to plead, with any specificity, her claim that defendants violated her due process rights. See *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569-70, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972) ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property. When protected interests are implicated, the right to some kind of prior hearing is paramount."). Any potential Fifth Amendment claims are dismissed.

Construing her claims liberally under the Fourteenth Amendment's Due Process and Equal

5

Protection Clauses, she also asserts these claims against private actors—i.e., persons who are not government or state actors. "Individuals bringing actions against private parties for infringement of their constitutional rights . . . must show that the private parties' infringement somehow constitutes state action." *George v. Pac.-CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996) (per curiam) (citations omitted); see also 42 U.S.C. § 1983. The presumption is that a private actor's conduct is not state action. *Florer v. Congregation Pidyon Shevuyim, N.A.,* 639 F.3d 916, 922 (9th Cir. 2011). State action exists "only if[] there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295, 121 S. Ct. 924, 148 L. Ed. 2d 807 (2001) (quotations omitted). Courts may find state action when the challenged activity "results from the State's exercise of coercive power, when the State provides significant encouragement, either overt or covert, or when a private actor operates as a willful participant in joint activity with the State or its agents." *Id.* at 295 (cleaned up).

There is nothing in plaintiff's complaint to put the defendants on notice of any alleged conduct that could constitute a "state action" for the purposes of the Fourteenth Amendment. Her allegations do not indicate that the defendants' conduct resulted from the State's exercise of coercive power or that the State encouraged defendants to act in any way that could be attributed to the State. Plaintiff fails to plausibly show how these private parties' actions could constitute state action. The Court finds plaintiff fails to state a claim for violation of the Fourteenth Amendment. Plaintiff's Fourteenth Amendment claims must therefore be dismissed.

**C. Conclusion**

Plaintiff has not articulated any plausible claims. It is possible that these deficiencies may be cured through amendment. Plaintiff's complaint is dismissed without prejudice. Plaintiff must file an amended complaint explaining the circumstances of the case, the relief plaintiff seeks, and the law upon

which she relies in bringing the case. The amended complaint must be "complete in and of itself without reference to the superseded pleading and must include copies of all exhibits referred to in the proposed amended pleading. LR 15-1(a).

**It is so Ordered:**

1. That plaintiff Maureen Costanzo's Complaint (ECF No. 1-1) is DISMISSED without prejudice with leave to amend, as discussed in this Order.

2. That plaintiff has until **April 28, 2025**, to file an amended complaint addressing the issues discussed above. Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal.

3. The Clerk of the Court is directed NOT to issue summons if plaintiff files an amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable. See 28 U.S.C. § 1915(e)(2).

IT IS SO ORDERED.

DATE: March 27, 2025.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections

within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**