UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Maureen Costanzo, | Case No. 2:24-cv-01662-CDS-MDC |
| Plaintiff | **Order Adopting Magistrate Judge's Report and Recommendation** |
| v. | |
| Deutsche Bank NA, et al., | [ECF No. 6] |
| Defendants | |

United States Magistrate Judge Maximiliano D. Couvillier III dismissed plaintiff Maureen Costanzo's complaint without prejudice to allow Costanzo an opportunity to cure the deficiencies identified in her complaint. Order, ECF No. 5. The court warned Costanzo that failure to amend the complaint by April 28, 2025, would result in a recommendation of dismissal. *Id.* at 7. After the deadline expired without a response from Costanzo, Judge Couvillier issued a report recommending (R&R) that this matter be dismissed due to Costanzo's failure to amend. R&R, ECF No. 6. Costanzo had until June 4, 2025, to file an objection or otherwise respond. *Id.* (citing Local Rule IB 3-2 (stating that parties wishing to object to the findings and recommendations must file specific written objections within fourteen days)); *see also* 28 U.S.C. § 636(b)(1)(C) (same). Now, almost a month later, Costanzo has neither objected, amended her complaint, nor moved for an extension of time to do either.

Although "no review is required of a magistrate judge's report and recommendation unless objections are filed,"[1] the Ninth Circuit has instructed courts to consider the following factors in determining whether to dismiss an action for failure to comply with the court's order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

---

[1] *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

cases on their merits, and (5) the availability of less drastic sanctions." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 991–2 (9th Cir. 1999) (affirming dismissal for failure to timely file an amended complaint, applying the five factors).

The first two factors, the public's interest in expeditious resolution of litigation as well as the court's need to manage its docket, weigh in favor of dismissal. Costanzo failed to comply with the court's order to file an amended complaint explaining the circumstances of her claims, the relief she seeks, and the law upon which she relies. This failure to amend has caused the action to come to a complete halt as it is impossible to move forward without an operative complaint. It has long been recognized that the court's inherent power to control its docket includes the ability to issue sanctions of dismissal where appropriate. *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir 1986). And "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish*, 191 F.3d at 990.

The third factor for consideration, the risk of prejudice to the defendants, also weighs in favor of dismissal. Although the defendants have not yet been served, and the mere pendency of a lawsuit is not sufficiently prejudicial to warrant dismissal, "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984); *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (recognizing that "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute," but finding that the plaintiff provided a non-frivolous explanation for his lack of diligence). Here, Costanzo has not offered any excuse for her failure to comply with the court's order to timely amend, which has caused an unexplained and unreasonable delay.

The fourth factor, the public policy favoring disposition of cases on their merits, always weighs against dismissal. However, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228

(9th Cir. 2006). Thus, I find that the fourth factor is greatly outweighed by the factors favoring dismissal.

The fifth factor, the availability of less drastic sanctions, also weighs in favor of dismissal. Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). A court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Costanzo was provided adequate warning that dismissal would result from her failure to comply with the court's orders. *See, e.g.*, ECF No. 3; ECF No. 5. Her failure to do so, despite several warnings of the consequences, leaves the court with two alternatives: dismiss the action or leave it pending indefinitely without an operative complaint. There is thus no lesser alternative to dismissal available here.

**Conclusion**

Because I find that four of the five factors strongly support dismissal, I **accept and adopt** the magistrate judge's report and recommendation **[ECF No. 6]**, therefore this case is **dismissed without prejudice.** The Clerk of Court is directed to enter judgment accordingly and to close this case.

Dated: June 27, 2025

_____
Cristina D. Silva
United States District Judge